UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CARLOS HARRIS                                                             PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:13-CV-205

MESA FOODS, INC.                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Presently before the court are two motions filed by the plaintiff, Carlos Harris: a motion for leave to amend his complaint (DN 6) and a motion to remand the case to the Jefferson Circuit Court (DN 7). For the reasons stated herein, both motions will be granted.

Harris filed this action in the Jefferson County, Kentucky, Circuit Court. In his initial complaint, he stated that he was previously employed by the defendant, Mesa Foods, Inc. ("Mesa"), as a forklift driver. Harris alleged that Mesa was supposed to pay him increased hourly wages after he completed his forklift driver certification, but Mesa failed to do so. Harris filed a grievance concerning Mesa's refusal to pay him the increased wages. Harris, who is African American, also alleged that Mesa treated Caucasian employees better than African American employees by allowing Caucasian employees to take more breaks than African American employees and by writing up African American employees for actions for which Caucasian employees were not written up. Harris stated in the complaint that after he and other African American employees complained to Mesa human resources personnel about the disparate treatment of African American and Caucasian employees, Mesa demanded that Harris do certain work that Caucasian employees were not required to do. He alleges that he was then fired a few weeks after his complaints about race discrimination.

Harris brought a claim for race discrimination under the Kentucky Civil Rights Act ("KCRA"), a claim for retaliation under the KCRA, and a claim for lost wages under the Kentucky Wages and Hours Act.

Mesa removed the action to this court pursuant to this court's federal question jurisdiction. Mesa alleged in its notice of removal that Harris's claim for lost wages was actually a claim that he is entitled to pay pursuant to a collective bargaining agreement between Mesa and Harris's union. In that regard, Mesa attached a copy of the grievance that Harris had referenced in his complaint. The grievance, which was submitted on Harris's behalf by the United Food and Commercial Workers International Union, Local 227, stated that it was for a violation of Article I and Appendix A of the collective bargaining contract. In the notice of removal, Mesa asserted that since the resolution of the claim would require interpretation of the collective bargaining contract, the claim was completely preempted by § 301 of the Labor Management Relations Act, 1947 ("LMRA"), and thus federal jurisdiction over the action is proper.

A week after removal, Mesa filed an answer. Eight days after Mesa filed its answer, Harris filed the two motions currently pending before the court. In his proposed amended complaint, Harris dropped his claim for lost wages. In his motion to remand, Harris argued that this court's jurisdiction was lacking because his amended complaint does not contain a lost wages claim, and thus there is no federal statute or question involved in his claims.

Pursuant to 28 U.S.C. § 1441, a defendant may remove a case from a state court to a federal district court if the federal district court would have had original jurisdiction over the action. Federal district courts have original jurisdiction over civil actions that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Typically, to assess whether federal question

jurisdiction exists, a court applies the "well-pleaded complaint rule," which asks whether "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because federal preemption is typically a defense to a plaintiff's suit, it ordinarily does not appear on the face of a well-pleaded complaint and does not authorize removal to federal court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987). However, the Supreme Court has determined that when a federal statute so completely preempts a field of state law, "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393. "The complete pre-emption corollary to the well-pleaded complaint rule is applied primarily in cases raising claims pre-empted by § 301 of the LMRA." *Id.*

>Section 301 of the LMRA provides:
>
>Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

There is no dispute between the parties that Harris's claim for lost wages is one that is preempted by section 301 of the LMRA. Mesa's notice of removal makes clear that the basis for Harris's claim was an alleged violation of a contract between his employer and his labor union. Accordingly, pursuant to the complete preemption doctrine, Harris's state law lost wages claim is considered a claim arising under federal law for the purpose of reviewing this court's jurisdiction, and thus removal was proper.

The real dispute between the parties concerns the effect of Harris's request to amend his complaint in order to drop his lost wages claim. As an initial matter, the court will grant his motion

to amend. The court notes that, although Harris sought leave from the court to amend his complaint, he did not need leave of court to do so. Under Rule 15(a)(1)(B), a party may amend its pleading once as a matter of course within 21 days after a responsive pleading. Harris filed his proposed amended complaint, along with his motion for leave to amend, just eight days after Mesa filed its answer to his initial complaint. In any event, although he was not required to seek leave, he did so. The court will thus grant Harris's motion for leave to amend and will deem Harris's proposed amended complaint filed as of the date of entry of this memorandum opinion and order.

The filing of Harris's amended complaint, without the lost wages claim, does not deprive this court of subject matter jurisdiction. "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Here, at the time of removal, the complaint contained Harris's lost wages claim that allows for this court's subject matter jurisdiction over the action.

Nevertheless, if a district court's jurisdiction is premised on a federal claim that is subsequently dismissed, a district court has the discretion to remand the action to a state court. *Harper*, 392 F.3d at 211. In considering whether to exercise that discretion, district courts "should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Id.* (internal quotation marks omitted). District courts "also may consider whether the plaintiff has used 'manipulative tactics' to defeat removal and secure a state forum, such as 'simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). The Sixth Circuit has stated that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the

state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244 (6th Cir. 1996).

Here, the court finds that, as the Sixth Circuit has indicated usually will be true, the balance of considerations points toward a remand of the state law claims remaining in this action to state court. This action was removed to this court on February 11, 2013. At the time, the action was still at its inception; Mesa had not yet filed any responsive pleading or motion to dismiss. Once the action was removed, Harris acted quickly to move to amend his complaint and remand the action to state court. Indeed, only 15 days passed between removal of the action and Harris's motions to amend and to remand. There has been no Rule 16 scheduling conference and, beyond the present opinion and order, the court has not had occasion to issue any substantive rulings in the case. Simply put, there are no interests in judicial economy or the avoidance of multiplicity of litigation that would merit this court needlessly resolving issues of state law.

Mesa argues that the timing of Harris's motions and his amendments to the complaint show that his purpose in amending was to defeat removal. While such concerns of forum shopping are legitimate, the court finds that the concerns do not tip the scales in favor of this court continuing to exercise pendent jurisdiction over the state law claims. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 953 (6th Cir. 2010) (no abuse of discretion for district court to remand case to state court where the only factor supporting the exercise of supplemental jurisdiction over state claims was forum manipulation). In short, without something more than manipulative tactics to defeat removal, the court finds that the balance of considerations points toward a remand of the action.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that (1) the motion of the plaintiff for leave to file an

amended complaint (DN 6) is **GRANTED**; (2) the plaintiff's proposed amended complaint (DN 6-1) is deemed filed as of the date of entry of this memorandum opinion and order; (3) the motion of the plaintiff to remand the action to Jefferson Circuit Court (DN 7) is **GRANTED**; and (4) this action is **REMANDED** to the Jefferson Circuit Court.

**IT IS SO ORDERED.**